384-07/MEU/PLS
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiff
BOSSE SHIPPING LTD.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)
Lawrence J. Kahn (LK 5215)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
BOSSE SHIPPING LTD.,

        Plaintiff,

 - against –

GREAT WHITE FLEET LTD.,

        Defendant.
-------------------------------------------------------------x

07 CIV 7221

**VERIFIED COMPLAINT**

Plaintiff, BOSSE SHIPPING LTD., (hereinafter "BOSSE") by its attorneys Freehill, Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant GREAT WHITE FLEET LTD. (hereinafter "GWF") alleges upon information and belief as follows:

 1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Jurisdiction is also proper pursuant to the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331. Federal jurisdiction also exists because the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

NYDOCS1/288459.1

2. At all times relevant hereto, BOSSE was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an office and place of business at c/o Paget – Brown & Co., West Wind Building, Harbour Drive, P.O. Box 1111, George Town, Grand Cayman, Cayman Islands.

3. At all times relevant hereto, GWF was and still is a business entity duly organized and existing under the laws of a foreign country with an address at 7 Reid Street, Suite 109, Hamilton, HM JX Bermuda.

4. On or about April 1, 2005, BOSSE, as owner, and GWF, as charterer, entered into a maritime contract of charter party on an amended BALTIME form for the use and operation of the M/V BOSSE ("the charter party") for one time charter trip from East Coast Central America to North Continent and/or Baltic or Mediterranean including the Black Sea in GWF's option.

5. In or about mid-April 2005 the vessel loaded a cargo of 195,049 boxes of bananas at Limon, Costa Rica  The vessel was directed to Tartous, Syria.

6. On arrival at Tartous on May 2, 2005, the vessel was arrested by the Syrian government as a result of a customs fine in the amount of $420,000 which had been imposed against the vessel *in rem* as a result of a prior call of the vessel to Syria in April 2001 when the vessel was then named M/V KUDU and under the ownership of a Panamanian company named Navegantes Del Oriente S.A.

7. Pursuant to Clause 77 of the charter party, BOSSE had agreed to allow the vessel to call in Syria on the basis that GWF would provide a letter of indemnity (LOI) in respect to all customs fines, present of future. In breach of the charter GWF failed and has otherwise refused to provide the LOI or to pay the customs fine.

8. BOSSE swiftly acted to pay the fine on May 4, 2005, however, the vessel was not released from arrest by the Syrian authorities until May 9, 2005.

9. On April 25, 2006, BOSSE succeeded in obtaining a payment in the amount of $300,000 from entities associated in various ways with the vessel's former owners in settlement of BOSSE's indemnity claim against the former owners in respect to the customs fine it had paid.

10. BOSSE has demanded GWF pay it the sum of $153,600.00 representing the remaining principal balance of the customs fine (plus interest from May 2005 to April 2006), however, in breach of the charter party GWF has failed and otherwise refused to pay.

11. In further breach of the charter party, and despite due demand by BOSSE, GWF has failed and otherwise refused to pay the sum of $94,709.27 with respect to deductions which GWF improperly has taken from the hire due to BOSSE for alleged off-hire and bunkers (fuel) used during the period the vessel was delayed at Tartous.

12. Chiquita, the shipper of the bananas, alleges it sustained losses in the amount of $750,295.36 resulting from the delay at Tartous. In particular, Chiquita has asserted that they intended discharging 44,901 boxes of bananas in Bar, Montenegro, that the bananas bound for Bar would have been overripe at destination and that it was thus necessary to sell the Bar bananas at a substantial discount in Tartous. Chiquita further claims that in order to fulfill its obligations under its sales contracts at Bar it was further forced to deviate another vessel, the M/V KEA, from Italy to Bar.

13. In respect of these claims Chiquita has brought suit in the United States District Court for the Southern District of New York in the matter captioned Chiquita International Limited and Great White Fleet Limited v. MV BOSSE, et. al, 07 Civ. 6786 (PKL).

14. Pursuant to clauses 9 and/or 77 of the charter party, GWF is required to indemnify BOSSE against all consequences of its orders directing the vessel to call at Syria and/or is liable in damages for any sum for which BOSSE is liable to Chiquita. BOSSE has or soon will commence arbitration in London against GWF as provided for in the charter. In that arbitration BOSSE will seek an award in its favor for damages including any sums which BOSSE is required to pay to Chiquita by way of judgment or settlement of Chiquita's claim.

15. In breach of the terms of the charter party, GWF has failed and refused to pay to BOSSE the damages claimed by Chiquita, thereby subjecting BOSSE to potential liability.

16. Pursuant to English law, which governs the charter party between BOSSE and GWF, the breach by GWF of Clauses 9 and 77 has directly led to BOSSE incurring potential liability to Chiquita. As a result, under English law, BOSSE's cause of action against GWF accrued on the date of the breach of the charter party by GWF and BOSSE's claim for the damages asserted by Chiquita is presently ripe.

17. BOSSE has fulfilled all obligations required of it under the charter party.

18. The charter party provides that all disputes arising thereunder are to be resolved in London arbitration with English law to apply. This action is brought to obtain security in favor of Plaintiff BOSSE in respect to its claim against Defendant GWF in aid of London arbitration proceedings, and, to the extent necessary, to compel Defendant GWF to arbitrate

pursuant to the terms of the charter and if necessary to recognize and enforce the foreign arbitral award, when rendered, as a judgment of this Court.

19. This action is further brought to obtain security for any additional sums to cover Plaintiff BOSSES's anticipated costs in arbitration and interest, all of which are recoverable under English law and the rules of London Arbitration.

20. Upon information and belief, and after investigation, Defendant GWF cannot be "found" within this district for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising of, *inter alia*, cash, funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant (hereinafter, "ASSETS"), including but not limited to "ASSETS" at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

21. As nearly as presently can be computed, the total amount sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by BOSSE against GWFC includes:

a. The outstanding principal amount of the customs fine not recovered from the vessel's former owners, together with interest to April 2006, in the sum of $153,600.00;

b. The amounts improperly deducted from hire in the amount of $94,709.27;

c. The sums which Chiquita has claimed against BOSSE in the amount of $750,295.71;

d. Interest on the above sums calculated at the rate of 8 % per annum, compounded quarterly, in the sum of $107,329.88, which interest is recoverable under applicable English law and arbitral rules; and

e. Estimated recoverable attorneys' fees, costs and the costs of the arbitration, which English solicitors estimate to be $380,000.00;

**For a total sought to be attached in the sum of $1,485,934.85.**

WHEREFORE, Plaintiff BOSSE SHIPPING LTD. prays:

a. That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged, failing which a default will be taken against it in the principal amount of $1,001,604.98 plus interest, costs and attorneys fees;

b. That since Defendant cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendant, up to and including the sum of $1,485,934.85, be restrained and attached, including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, debts, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or for the benefit of Defendant (collectively "ASSETS"), including but not limited to such "ASSETS" as may be held, received or transferred in its own name or as may be held, received or

transferred for its benefit at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein; and

c. That this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary; and,

d. For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
August 13, 2007

                FREEHILL HOGAN & MAHAR, LLP
                Attorneys for Plaintiff
                BOSSE SHIPPING LTD.

By: _____
        Michael E. Unger (MU 0045)
        Lawrence J. Kahn (LK 5215)
        80 Pine Street
        New York, NY 10005
        (212) 425-1900
        (212) 425-1901 fax

## ATTORNEY VERIFICATION

State of New York   )
                    ) ss.:
County of New York  )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
14th day of August, 2007

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/ 08