# Exhibit C:

# Chiquita Complaint

Gregory G. Barnett, Esq. (GGB-3751)
CASEY & BARNETT, LLC
317 Madison Ave; 21st Floor
New York, N.Y. 10017
(212) 286-0225
Attorneys for Plaintiffs



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CHIQUITA INTERNATIONAL LIMITED and GREAT
WHITE FLEET LIMITED

                       Plaintiff,

                  - against -

MV BOSSE her engines, boilers, tackle,
furniture, apparel, etc., *in rem* ;  BOSSE SHIPPING
LTD. AND HOLY HOUSE SHIPPING AB *in personam*

                   Defendants
-----------------------------------------------------------------X



2007 Civ.

**VERIFIED COMPLAINT**

      Plaintiffs, CHIQUITA INTERNATIONAL LIMITED (hereinafter "CHIQUITA"), and GREAT WHITE FLEET LIMITED (hereinafter "GWF"), by and through their attorneys, Casey & Barnett, as and for their Complaint against the MV BOSSE *in rem* ; BOSSE SHIPPING LTD. AND HOLY HOUSE SHIPPING AB *in personam* in a cause of action both civil and maritime, respectfully allege upon information and belief:

### JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the General Maritime Law of the United States.

## THE PARTIES

2. At all material times, CHIQUITA was and is a corporation organized and existing by virtue of the laws of a state or country other than New York with an office and place of business at 7 Reid Street Suite 109 Hamilton HM JX Bermuda. CHIQUITA was and is engaged, *inter alia*, in the importation, distribution and sale of fresh fruit, including bananas, into Europe and the Mediterranean and was the owner and or successor in title to a cargo of bananas loaded on board the MV BOSSE in April/May 2005.

3. At all material times, GWF was and is a corporation organized and existing by virtue of the laws of a state or country other than New York with an office and place of business at 7 Reid Street Suite 109 Hamilton HM JX Bermuda. GWF was and is engaged, *inter alia*, in the transportation of fresh fruit, including bananas, into Europe and the Mediterranean and was the charterer of the MV BOSSE in April/May 2005.

4. At all material times, the MV BOSSE was and is an oceangoing reefer vessel built in 1984, that is flagged in Barbados, has the call sign 8PTO, which engages in the common carriage of merchandise by water for hire between various foreign and domestic ports, which is now, or will be during the pendency of this action, within the jurisdiction of this Honorable Court.

5. Upon information and belief, at all material times, defendant BOSSE Shipping Ltd. (BOSSE) is a foreign company with an office address of c/o Paget – Brown & Co., West Wind Building, Harbour Drive P.O. Box 1111, George Town, Grand Cayman, Cayman Islands and owns, operates, manages and/or charters ships, including the MV BOSSE, that operate between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the MV BOSSE, and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court.

6. Upon information and belief, at all material times, defendant Holy House Shipping AB is a foreign company with an office address of Kungsgatan 55, P.O. Box 1150, S-111 81 Stockholm, Sweden that owns, operates, manages and/or charters ships, including the MV BOSSE, that operate between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the MV BOSSE, and at all relevant times, was and still is doing business within the jurisdiction of this Honorable Court.

## FACTS

7. On or about May 20, 2002 Holy House became the ship manager for the MV BOSSE.

8. On or about April 1, 2005 Bosse Shipping Limited entered into a BALTIME Charter party for the MV BOSSE with Great White Fleet to carry bananas from the East Coast of Central America to the North Continent, Baltic or Mediterranean. Pursuant to the charter, GWF was to make payments for the charter of the vessel to Holy House Shipping AB.

9. The MV BOSSE was chartered to carry CHIQUITA's fruit.

10. On or about April 13, 2005, CHIQUITA and/or their representatives delivered to the *in personam* defendants and the MV BOSSE, at the port of Moin, Costa Rica, a cargo of bananas consisting of 195,049 boxes of fresh green bananas, owned by and/or consigned to plaintiffs, in good order and condition, for carriage aboard the MV BOSSE, to ports in the European Community, all in consideration of an agreed freight and in accordance with the terms of one or more bills of lading, which were then and there signed and delivered to the shipper of the cargo by the duly authorized agent, representative and/or employee of the *in personam* defendants and the MV BOSSE. In consideration for the freight, *in personam* defendants agreed to transport and

carry the said shipment from the ports of loading to European Ports, including Italy, Tartous and Bar.

11. Plaintiffs refer to said bills of lading for greater certainty as to the contracts of carriage which they represent and will produce the originals or copies thereof at trial.

12. When the vessel arrived in Tartous, the vessel was arrested by local authorities from May 2, 2005 until May 9, 2005. As a result of the delay associated with the arrest, the bananas were damaged as they could not be brought to the next intended port of discharge, Bar.

13. If the vessel proceeded to Bar to discharge, the cargo would not be in the same good order and condition as it was received by the defendants and the MV BOSSE but would have been damaged and deteriorated as a result of the delay.

14. As a result of the arrest, CHIQUITA was forced to mitigate their loss and sell the cargo in Tartous at a reduced price from what they would have realized. The losses sustained by CHIQUITA were not the result of any act or omission of plaintiffs but, on the contrary, was due solely as the result of the negligence, fault, neglect, breach of contracts of carriage, charter and bailment on the part of defendants as well as the unseaworthiness of the MV BOSSE which was discoverable by the exercise of due diligence.

15. As a result of the arrest, GWF was damaged in that they paid excess hire and bunkers. The losses sustained were not the result of any act or omission of plaintiffs but, on the contrary, was due solely as the result of the negligence, fault, neglect, breach of contracts of carriage and charter and bailment on the part of defendants as well as the unseaworthiness of the MV BOSSE which was discoverable by the exercise of due diligence.

16. This action is brought on behalf of and for the interest of all parties who may be or may become interested in the claims herein referred to, as their respective interests may ultimately appear, and plaintiffs are entitled to maintain this action.

17. Plaintiffs and its predecessors in title have performed all of the conditions precedent on their part to be performed under the terms of the said bills of lading and/or charter party.

18. By reason of the premises, plaintiffs have sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, but which are presently estimated at $ 800,610.03 plus interest.

19. Plaintiffs have a maritime lien against the MV BOSSE and *in personam* defendants for the damages referred to herein and will enforce that lien in these proceedings.

20. The *in personam* defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, they have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including but not limited to, ABN Amor, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA, J.P. Morgan Chase, Standard Chartered Bank, and/ or Wachovia Bank, N.A. which are believed to be due and owing to Defendant.

21. The Plaintiff seeks an Order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the *in personam* defendants held by the aforesaid garnishee(s) for the purpose of obtaining personal jurisdiction over the defendants and to secure the Plaintiff's claim as described.

22. All and singular the matters alleged herein are true and correct. Plaintiffs reserve the right to amend and supplement this complaint, as further facts become available.

**WHEREFORE**, Plaintiff prays:

1. That process in due form of law issue against *in personam* defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

2. That since the *in personam* defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee, including but not limited to ABN Amor, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA, J.P. Morgan Chase, Standard Chartered Bank, and/ or Wachovia Bank, N.A., which are due and owing to the Defendants, in the amount of $800,610.03 calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Admiralty Rule B answer the matters alleged in the Complaint;

3. *In rem* service of process be issued against the MV BOSSE, her engines, boilers, tackle, furniture, apparel, etc.; that the vessel be seized and that all those claiming an interest in her be cited to appear and answer under oath both all and singular the matters aforesaid;

4. The MV BOSSE, her engines, boilers, tackle, furniture, apparel, etc., be condemned and sold to satisfy the judgments herein in favor of plaintiffs;

5. The *in personam* defendants, BOSSE SHIPPING LTD. AND HOLY HOUSE SHIPPING AB, be served with a copy of this Complaint, together with a summons to appear under oath and answer all and singular the matters aforesaid;

6. The Court order, adjudge and decree that *in personam* defendants, BOSSE SHIPPING LTD. AND HOLY HOUSE SHIPPING AB pay to plaintiffs the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs; and,

7. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals therefore; and

8. That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
July 27, 2007

CASEY & BARNETT, LLC
Attorneys for Plaintiff

By: /s/ Gregory Barnett
Gregory G. Barnett (GGB3751)
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
ggb@caseybarnett.com

### ATTORNEY'S VERIFICATION

STATE OF NEW YORK )
) ss:
COUNTY OF NEW YORK )

1. My name is Gregory G. Barnett

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Casey & Barnett, LLC, as attorneys for the Plaintiffs.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiffs is that the Plaintiffs are business organizations with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made and the documents, and information, received from the Plaintiffs and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on the behalf of the Plaintiffs.

Dated: New York, New York
July 27, 2007

_/s/ Gregory B. Barnett_
Gregory G. Barnett