UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
BOSSE SHIPPING LTD.,                                          07 CV 7221 (PKL)
                          Plaintiff,
     -against-
                                                              DECLARATION OF
GREAT WHITE FLEET LIMITED,                                    BENGT ÅSTRÖM

                          Defendant.
-----------------------------------------------------------x

Bengt Åström, pursuant to Title 28 § 1746 of the United States Code, hereby declares and says the following under penalty of perjury:

1. I, Bengt Åström, am in-house counsel of Holy House Shipping AB ("Holy House"). I submit this Declaration in opposition to the motion of Great White Fleet Limited ("GWF") to vacate the Rule B attachment of its funds which have been restrained in this action. Holy House acts as managers for and is expressly authorized by the Plaintiff, Bosse Shipping Ltd. ("Bosse") to submit this Declaration on its behalf.

2. Insofar as the contents of this Declaration are within my own knowledge, they are true. Insofar as the contents of this Declaration are not within my own knowledge, they are true to the best of my information and belief.

3. Bosse purchased the M/V BOSSE on 11 December 2001 from Navegantes Del Oriente and took delivery on 16 January 2002. Holy House, as managers, handled most of the parts of the purchase of the vessel on behalf of Bosse. I was personally involved in the purchase of the vessel acting as Holy House's lawyer and as attorney in fact for Bosse.

4. In connection with the purchase, Bosse received a certificate from the Consulate General of Panama that the sellers had paid all government taxes and that the

NYDOCS1/290039.1                          1

vessel was free from registered ship's mortgage and encumbrances. According to the Protocol of Delivery and Acceptance the Sellers also certified that the vessel was free and clear from all mortgages, taxes, encumbrances, maritime liens or any other debts whatsoever. This is the normal procedure when a vessel changes ownership.

5. I understand that GWF has suggested that clause 77 of the charter between Bosse and GWF, which provides that "Charterers can trade Syria if required on the basis that Charterers will provide an LOI (Letter of Indemnity) in respect of present or future Customs fines", was included because Bosse knew of the existence of the customs fine which resulted in the vessel being arrested.

6. This is completely untrue. At the time Bosse entered into the charter with GWF, Bosse had no knowledge that there was an unpaid fine which had been assessed against the vessel, *in rem*, by the Syrian government in connection with a call in April 2001 while the vessel was under her former ownership and former name, M/V KUDU.

7. Clauses like clause 77 are commonly included in charter parties where the vessel is contemplated to be sent to countries where corruption is rampant and where the authorities are known to arrest ships for various reasons, legitimate or otherwise, in particular countries such as Syria, Libya, Iran, and others, where even a cautious check beforehand would not indicate any existing liens or the possibility of a potential arrest.

8. I understand that GWF has suggested Bosse and/or Holy House should have conducted an investigation to determine whether the vessel was going to be arrested when it called Syria (page 11 of GWF's brief). It is not the customary or usual practice on the part of shipowners and managers to make such an investigation, especially where the vessel has been warranted as having been sold free of all encumbrances.

NYDOCS1/290039.1                    2

9. I further understand that GWF's attorney has indicated that he sent an email on August 9, 2007 to Holy House Shipping AB, the manager of the M/V BOSSE, advising that the instant suit had been commenced against Bosse and Holy House and that a wire transfer being made by Holy House in the amount of $9,989 had been restrained. Neither Holy House nor Bosse ever received such an email, or any other notice from GWF, Chiquita, or their counsel of the restraints.

10. I further understand that GWF claims the attachment action brought by Bosse against it was in retaliation for the action which Chiquita and GWF brought against Bosse and Holy House. This is completely untrue. Bosse has its own legitimate claims against GWF stemming from GWF's breach of the charter party which claims have been asserted in London arbitration. Bosse was informed that it is entitled to seek security for its claims, and accordingly authorized this action to be filed.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated: Stockholm, Sweden
12 September 2007

_____
Bengt Åström

NYDOCS1/290039.1                          3