384-07/MEU
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x    07 CV 7221 (RJS)
BOSSE SHIPPING LTD.,
                              Plaintiff,

    -against-    **AFFIRMATION OF**
                                                          **MICHAEL E. UNGER**

GREAT WHITE FLEET LTD.,

                              Defendant.
------------------------------------------------------------------x

    MICHAEL E. UNGER, affirms the following under penalty of perjury:

    1.    I am a member of the law firm of Freehill, Hogan & Mahar, LLP, attorneys for Plaintiff Bosse Shipping Ltd. ("Bosse") in the above action. I am admitted to practice before this Honorable Court and am fully familiar with the facts and circumstances surrounding this litigation including the pleadings and proceedings heretofore had herein.

    2.    I submit this Affirmation in opposition to Defendant Great White Fleet Ltd.'s ("GWF") motion to dismiss the complaint and vacate the attachment.

    3.    I prepared the Rule B Attachment Application filed on behalf of Bosse in this matter on August 14, 2007.

    4.    At the time of preparing the application, I was aware that GWF, along with Chiquita International Limited ("Chiquita") had commenced a separate Rule B action against the M/V BOSSE *in rem*, Bosse, and Holy House Shipping AB ("Holy House") which was filed on July 27, 2007 and assigned to Your Honor.

    5.    In fact, the complaint filed in this matter specifically references the action filed by GWF/Chiquita under docket number 07 CV 6786 (PKL). See Complaint at ¶ 13.

NYDOCS1/290072.1

6. At the time the instant action was filed on August 14, 2007, I spoke with the Clerk of the Court and advised that both this action and the action filed by GWF/Chiquita arise out of the arrest of the M/V BOSSE in Syria. I informed the Clerk of the previously filed action and questioned whether the instant case should be marked as related. The Clerk directed that we were not to mark the action as related and accordingly this matter was initially assigned to Judge Sullivan. Because Judge Sullivan was not available, this matter was re-directed to the Honorable Chief Judge Wood who was at that time sitting as the Part I Judge.

7. Chief Judge Wood was notified of the prior action filed by GWF/Chiquita and of the Clerk's direction not to mark the action as related. Chief Judge Wood did not indicate that this case should have been consolidated with the GWF/Chiquita action, nor did Chief Judge Wood indicate that Bosse's claims should have been filed as mandatory counterclaims in the GWF/Chiquita case.

8. Chief Judge Wood issued the attachment Order and the Process of Maritime Attachment and Garnishment was subsequently issued by the Clerk and served upon several garnishee banks which thereafter resulted in the restraint of approximately $1.48 million in funds belonging to GWF. Notice of the restraints was provided to GWF as required by Local Rule B.2.

9. Rather than seeking the consent of Bosse to consolidate the cases, which would have been readily agreed, in the absence of Judge Sullivan, GWF wrote to Judge Swain, who was then sitting as Part I Judge, to request a hearing in respect to the instant motion to vacate the attachment. Bosse responded the following day in a letter to Judge

Swain advising that it consented to the matter being consolidated with the suit already pending before Your Honor and the cases were eventually so consolidated.

10. Bosse's action was not filed in retaliation to the Rule B action filed against it by GWF/Chiquita and was not filed with the intent of disrupting GWF's business, as claimed by GWF in its brief at page 3. Instead, Bosse, which has an *in personam* maritime claim against GWF brought its own action to secure its claims. GWF was not found within the District and there was no maritime bar to obtaining the attachment. Accordingly, under all applicable case law, Bosse had an absolute right to seek an attachment of GWF's funds. That the action was brought *ex parte* is clearly permitted by the Rules and not improper.

11. In this regard, Bosse's action was no different than GWF's, which was also brought *ex parte*, on the basis that GWF had an *in personam* maritime claim against Bosse and that Bosse was not found within the District for purposes of Rule B.

12. GWF's suggestion that Bosse's action is retaliatory borders on the silly. Any time there are two parties who have claims against each other, the first to file is always in a position to say that the second to file's motive is retaliatory. Without any evidence of motivation for the attachment, such rhetoric should routinely be disregarded.

Dated: New York, New York
September 12, 2007

_____
MICHAEL E. UNGER