UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BOSSE SHIPPING LTD.,                         :
                                             :
                          Plaintiff,         :   07 CV 7221 (RJS)
                                             :
        - against -                          :
                                             :
GREAT WHITE FLEET, LTD.,                     :
                                             :
                          Defendant.         :
------------------------------------------------------------X

# REPLY MEMORANDUM OF LAW IN SUPPORT OF
# MOTION TO DIMISS COMPLAINT AND VACATE ATTACHMENT

CASEY & BARNETT, LLC
317 Madison Avenue, 21st Floor
New York, NY 10017
(212) 286-0225 (phone)
(212) 286-0261 (fax)

*Attorney's for Defendant*
*Great White Fleet, Ltd.*

Gregory G. Barnett, Esq.

## **TABLE OF CONTENTS**

I.      TABLE OF AUTHORITIES………………………………………………..........…..i

II.     PRELIMINARY STATEMENT……………………………………………………...1

III.    ARGUMENT

         POINT ONE
         RETALIATION AND FRIVOULOUS
         CLAIMS………………………………………………………………………...2

         POINT TWO
         ALTERNATIVELY, PURSUANT TO THE SUPPLEMENTAL ADMIRALTY
         RULE E(6) THE COURT SHOULD REDUCE THE AMOUNT OF THE
         ATTACHMENT..……………………………………………………….....……7

IV.    CONCLUSION……………………………………………………………………..8

## TABLE OF AUTHORITIES

CITATIONS

*Compania Sudamericana de Vapores S.A. v Sinochem Tianjin Co.*,
No. 06 Civ. 13765 (WHP), 2007 WL 1002265, at
*2 (S.D.N.Y. April 4, 2007)......................................................................................3

*CTI Container Leasing Corp. v. Oceanic Operations Corp.*
682 F.2d 377, 1982 A.M.C. 2541.............................................................................4

*Seiden Associates, Inc. v. ANC Holdings, Inc.*
959 F.2d 425, 428 (2d Cir. 1992).............................................................................4

*Wajilam Exports Pty Ltd. v. Atlanta Shipping Ltd.*,
No. 05 Civ. 7955 (GEL), 2006 WL 3019558, at
*3-4 (S.D.N.Y. Oct., 23, 2006)................................................................................3

*Sonito Shipping Company Ltd. v. Sun United Maritime Ltd.*,
 478 F.Supp.2d 532, 540 (S.D.N.Y.2007)................................................................7

*Staronset Shipping Ltd. v. North Star Nav. Inc.*,
659 F.Supp. 189 (S.D.N.Y. 1987)............................................................................6

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
BOSSE SHIPPING LTD.,

                          Plaintiff,           07 CV 7221 (RJS)

       - against -

GREAT WHITE FLEET, LTD.,

                          Defendant.
-----------------------------------------------------------X
```

### REPLY MEMORANDUM OF LAW IN SUPPORT OF
### MOTION TO DISMISS COMPLAINT AND VACATE ATTACHMENT

### PRELIMINARY STATEMENT

Defendant, Great White Fleet Ltd. (hereinafter "GWF"), by undersigned counsel submits this Reply to Plaintiff's Response to Defendant's Motion to Dismiss and Vacate the Attachment.

Plaintiff bases its claims in its Complaint on Clause 9 and Clause 77 of the charter party between GWF and Bosse Shipping Ltd. (hereinafter "Bosse"). However, even under the slightest scrutiny, plaintiff cannot make the required valid maritime claim for the purposes of attachment under Rule B of the Supplementary Rules.

The main issue for this motion is whether Bosse has a claim against GWF pursuant to the terms of the charter party. The charter party is clear and unambiguous and the facts are not in dispute. Accordingly, this Court can make the determination as to the validity of plaintiff's claims.

The actions taken by plaintiff in obtaining an *ex parte* order for the attachment of funds for these claims, knowing GWF was represented in this court on a claim involving

the same set of facts was improper. It goes against the purpose of a Rule B attachment where a plaintiff seeks security for a valid claim from a defendant not within the district. Accordingly, GWF asks the Court to dismiss the Complaint and vacate the *Ex-Parte* Order because Bosse's claims are so lacking in merit as to be characterized as frivolous. In the alternative, GWF requests that the Court find that the claims are excessive and the Court reduce the amount of the attachment to Bosse's provable damages.

## POINT ONE
## RETALIATION AND FRIVOULOUS CLAIMS

The claim plaintiff is seeking security on dates back to 2005. An action was filed by Chiquita and GWF against plaintiff in this Court over two years later, on July 27, 2007. On August 9, 2007 plaintiff was put on notice that $9,989.00 was attached. On August 14, 2007 plaintiff demanded arbitration and filed this action.

Plaintiff proffers self-serving declarations but cannot and does not deny that prior to filing their Complaint Holy House and Bosse knew of the prior filed proceedings by Chiquita and GWF and elected to not mark this filing as a related cause of action. Bosse subsequently obtained an *ex parte* Order and attached GWF funds from August 16 to 20th but did not give GWF notice of the lawsuit or the attachments until they were fully secured on August 21, 2007. GWF is owned by a U.S. company and regularly transmits funds through or to New York. Consequently, the only intent of obtaining an *ex parte* Order and failing to provide notice was to hinder GWF business and cause as much disruption to their operations as possible.

Plaintiff argues that the Affidavit of Mr. Hardingham, produced by GWF in support of its Motion, does not state that Bosse's claims cannot be supported pursuant to

English Law (Pl's Memo p.5). However, Mr. Hardingham asserted in his Affidavit dated September 5, 2007 that pursuant to English law, the claims of Bosse for the balance of the customs fine and for amounts deducted from hire have no basis in fact or law. (Hardingham Decl. ¶18); that Mr. Hardingham also stated that there was no basis under clauses 9 or 77 of the charter party under English Law to claim an indemnity from GWF in respect of the Chiquita claim. (Hardingham Decl. ¶22); or that, Mr. Hardingham stated that Bosse's claim against GWF had no basis in fact or law and will fail before the English arbitrators applying English law. (Hardingham Decl ¶24). In his Second Affidavit, dated September 17, 2007, Mr. Hardingham states that Bosse Shipping Ltd's case is frivolous and "There is no proper basis in law or fact on which the claims of Bosse Shipping Ltd can succeed in the English arbitration." and that "the contentions put forward by Mr. Smith in his declaration are not reasonably arguable as a matter of English Law." (Hardingham 2d Aff. ¶¶ 5, 33).

Plaintiff argues that it has made out its *prima facie* maritime claim in its pleadings and rests on the Declaration of Mr. Smith to support its pleadings. However, Mr. Smith's view is unreasonable when reviewed objectively.

In *Compania Sudamericana de Vapores S.A. v. Sinochem Tianjin Co.*, No. 06 Civ. 13765 (WHP), 2007 WL 1002265 at *2 (S.D.N.Y. April 4, 2007), 2007 A.M.C. 1467 *citing Wajilam Exports Pty Ltd. v. Atlanta Shipping Ltd.*, No. 05 Civ. 7955(GEL), 2006 WL 3019558, at *3-4 (S.D.N.Y. Oct. 23, 2006), the Court applied a "reasonable grounds" test to determine whether the plaintiff had set forth a valid claim in its pleadings. The test is compared to the standard of probable cause where it is less than a preponderance of the evidence but nevertheless calls for a fair probability that the asserted facts are true. *Id.*

The Second Circuit's interpretation of New York law is that the interpretation of a clear and unambiguous contract is a matter of law and the language of a contract is not made ambiguous simply because the parties urge different interpretations or where one party's view "strains the contracts language beyond its reasonable and ordinary meaning." *Seiden Associates, Inc. v. ANC Holdings, Inc.* 959 F.2d 425, 428 (2d Cir. 1992) (cites omitted); see *CTI Container Leasing Corp. v. Oceanic Operations Corp.* 682 F.2d 377, 1982 A.M.C. 2541 ("The general rule is that the terms of an unambiguous, integrated contract may not be varied by parol evidence). English law is consistent as Mr. Hardingham states "It is well established under English law that, where … the wording of a contract is clear and unambiguous, there is no scope fro a Court (or arbitrators) to receive extraneous evidence as to the supposed intention of one party or the other party in entering the contract." (Hardingham 2d Aff. ¶4).

Mr. Smith further states that Bosse bases its claim on clause 9 by the consequence of signing the bill of ladings and because GWF ordered the vessel to Syria. (Smith Decl. ¶¶18, 19, 15). Clause 9 is irrelevant to plaintiff's claim. First, there has been no allegation made concerning the signing of the bills of lading. Second, it is disingenious and against English law to argue that although the vessel was specifically chartered so that it would be able to go to Syria, GWF should indemnify owners because they ordered the vessel to Syria. (Hardingham 2d Aff. ¶¶ 28, 30, 31). Plaintiff apparently agrees as it argues in its Memorandum in Response, "The dispute between the parties is extraordinarily narrow and relates to the meaning of a single phrase within Clause 77 of the charter party contract." (Pl's MOL p. 5).

With respect to clause 77 of the charterparty, Mr. Smith's reasoning is equally as faulty.

Clause 77 reads in its entirety as follows:

77.   Syria

Charterers can trade Syria if required on basis that Charterers will provide an LOI in respect of present or future Customs fines in respect of this Charter

## Customs Fine

Mr. Smith opines that the only logical construction of the word "present" in clause 77 of the charter party refers to customs fines presently outstanding when the Charterparty was entered into. (Smith Decl. ¶5). This is clearly a wrong and unreasonable interpretation of the clause. (Hardingham 2d Aff. 10-15). However, even if it is an arguable viewpoint, Mr. Smith does not give any regard to the last 5 words of the clause. If he did, his analysis would then have to change as his construction of the word "present" would refer to customs fines presently outstanding *with respect to this charter* when the charter party was entered into. There were no customs fines with respect to this charter at the time the charter party was entered into therefore plaintiff has no basis for their claim.

Even using Mr. Smith's faulty analysis clause 77 does not assist Bosse with the customs fine relating back to 2001. Mr. Hardingham proffers the only sensible construction of the clause in his affidavit and opines that the risk for fines for previous employment of the vessel falls on the Owner. (see Hardingham 2d Aff ¶11, 15).

**GWF Deductions from Hire**

Mr. Smith asserts that the unpaid hire during the period of the arrest is payable by GWF to Bosse by reason of clause 77. (Smith Decl. ¶7). He provides no analysis except to offer that since GWF is responsible for the customs fine they are also responsible for all consequences resulting from the customs fine. It seems to follow that if GWF was not responsible for the customs fine then they would not be responsible for the consequences resulting from the customs fine. Second, even if it can be reasonably argued that GWF is responsible for the customs fine, which we disagree, Mr. Smith's analysis unreasonably broadens clause 77 to include consequential damages. (Hardingham 2d Aff. ¶¶ 18). The Court looking at the contract objectively can make the determination that Clause 77 does not apply to consequential damages but only to the custom fine. (Hardingham 2d Aff. ¶¶ 16-24)

**Chiquita Claim**

For similar reasoning as above, GWF cannot be held accountable for the "potential indemnity" of the Chiquita claim. Interestingly, Mr. Smith actually opines that Chiquita's claim is not recoverable in a variety of ways including Section 4(2)(g) of US COGSA. (Smith Decl. ¶20(b)).

The question of ripeness is at the discretion of the district Court based on the reasonableness of the ship owner's concerns. *Staronset Shipping Ltd. v. North Star Nav. Inc.*, 659 F.Supp. 189 (S.D.N.Y. 1987). GWF submits that this Court should never get to the question of ripeness of the indemnity action because the basic premise for plaintiff's claims is without merit. However, if ripeness is an issue before the Court, then the Court

should decide that the claim is not ripe for attachment. Courts are not generally receptive to contingent indemnity claims as a basis is for maritime attachments. *Sonito Shipping Company Ltd. v. Sun United Maritime Ltd.*, 478 F.Supp.2d 532, 540 (S.D.N.Y.2007). In the within action, the claims are extremely suspect to say the least. Moreover, Chiquita is willing to waive any claim against Bosse if it is found that GWF is liable in indemnity. Lastly, based on Mr. Smith's comments about the validity of Chiquita's claim, it cannot be said that shipowner's have any real concern that they will be held liable. (Smith Decl. ¶ 20(b)).

## POINT TWO

### ALTERNATIVELY, PURSUANT TO SUPPLEMENTAL ADMIRALTY RULE E(6) THE COURT SHOULD REDUCE THE AMOUNT OF THE ATTACHMENT

Alternatively, GWF moves pursuant to Rule E(6) for a reduction of security, *i.e.*, the release of the majority of the $1,485,934.85 currently under attachment. It is not disputed that this Court has the power to reduce the amount of the attachment when good cause is shown.

Even if the Court finds that the Chiquita claim is a good claim worthy of attachment, Chiquita has agreed to waive their claim against Bosse if GWF is found liable in indemnity. Accordingly, the maximum claim is not close to the US $1 million claim which Mr. Smith bases his $380,000 estimate. Moreover, Mr. Smith only states what he believes to be the estimated costs but does not indicate what percentage he believes would be recoverable pursuant to English law. Accordingly, plaintiff has failed to prove their claim for recoverable damages.

Lastly, this claim is not complex. As argued by plaintiff, "the issues are extraordinarily narrow and relates to the meaning of a single phrase within Clause 77 …"

(Pl's MOL p. 5). This is a contract action where the facts are not in dispute. It is a simple claim which will have similar, if not exactly the same, arguments that have already been made before this Court. Accordingly, the estimated recoverable costs and fees are exaggerated and therefore should be reduced.

### IV. CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint and vacate the attachment and direct the garnishees to release all restrained funds. In the alternative, this Court should reduce the amount of the attachment to a reasonable amount to secure only the provable damages.

Dated: September 17, 2007
      New York, NY

                                      Defendant, Great White Fleet, Ltd.

                   BY: _____
                                     Gregory G. Barnett
                                     CASEY & BARNETT, LLC
                                     317 Madison Avenue, 21st Floor
                                     New York, NY 10017
                                     (212) 286-0225 (phone)
                                     (212) 286-0261 (fax)
                                     ggb@caseybarnett.com